[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
Ronald Johnson is currently incarcerated in Connecticut. He has filed this petition for writ of habeas corpus, asking this court to quash a detainer lodged against him by prosecuting authorities of the state of Massachusetts on the grounds that Massachusetts has failed to comply with the speedy trial provisions of the Interstate Agreement on Detainers ("IAD"), General Statutes, Section 54-186.
On June 17, 1996 the petitioner was sentenced in Connecticut to a term of two years' incarceration following his conviction of burglary in the third degree, in violation of General Statutes, Section 53a-103 (Docket No. CR4-248693). On or about July 1, 1996, the District Attorney for Middlesex County, Massachusetts, lodged a detainer against the petitioner. On or about July 5, 1996, the petitioner initiated his request for final disposition of the charge pending in Massachusetts, pursuant to Article III(a) of the IAD. The Connecticut Commissioner of Correction duly notified the Massachusetts authorities of the petitioner's request and of Connecticut's willingness to transfer temporary custody of the petitioner to Massachusetts, forwarding IAD Forms 2, 3 and 4. These forms were received in Massachusetts on or about August 8, 1996.
On or about August 16, 1996, the petitioner was charged in Connecticut with violation of General Statutes, Section 53a-70. On September 19, 1997, following conviction on this charge, the petitioner was sentenced to a term of nine years, suspended after four years (Docket No. CR96-436559). This is his controlling present sentence.
By petition dated July 24, 1997, the petitioner sought to have this court "drop" the detainer lodged against him by Massachusetts by virtue of that state's failure to bring him to CT Page 313 trial within the 180 day period specified in Article III of the IAD. The petition was docketed October 1, 1997, counsel was appointed to represent the petitioner and an amended petition was filed on December 13, 1997.
The respondent filed its return on August 4, 1998 and the petitioner filed his reply to the "Defense" raised by the respondent, on August 8, 1998. A hearing opened on August 8th and was continued to August 26, 1998. The sole witness presented was Lynn Milling, IAD administrator for the Connecticut Department of Correction. The matter was continued for briefing and reply briefs were filed by the parties on September 29, 1998.
 II
The IAD is a compact between and among states aimed at ensuring cooperation among the states in encouraging the expeditious and orderly disposition of charges lodged against a prisoner in a state other than that in which he is incarcerated; and to determine the proper status of any and all detainers based on untried indictments, information complaints, General Statutes Section 54-186, Article I.
It is undisputed that Massachusetts authorities lodged a detainer against the petitioner on or about July 1, 1996; that the respondent promptly notified the petitioner of said detainer and of his right to request disposition of the underlying charge, pursuant to IAD, Article III(c); that the petitioner timely and properly made written request for disposition of said charge; that the respondent properly processed the request, forwarding the proper forms to Massachusetts, which forms were received by Massachusetts authorities on August 8, 1996, that on December 17, 1996, the respondent received from Massachusetts authorities an IAD Form 6, listing individuals with authority to take custody of the petitioner, and a Form 5, a request for temporary custody, pursuant to IAD, Article V, that Massachusetts sent another Form 5 and Form 6 (the latter unsigned) on or about October 15, 1997; that to date, petitioner has not been brought to trial on the charge pending in Massachusetts. The petitioner's argument is straightforward: He argues that the Commonwealth of Massachusetts has failed to take custody of the petitioner and he has not been brought to trial on the Massachusetts charge within 180 days after the delivery of his request for final disposition of the pending charge. Therefore, this court should quash said detainer, finding it "of no force and effect". CT Page 314
 III
Based on the evidence and testimony presented, the court finds that at the time Massachusetts made its initial request for temporary custody (December 11, 1996), the petitioner had a charge pending in Connecticut and that Connecticut authorities refused to transfer temporary custody of the petitioner to Massachusetts pending resolution of the Connecticut charge. That charge was resolved on September 19, 1997, when the petitioner received his present controlling sentence. On October 15, 1997, Massachusetts renewed its effort to obtain temporary custody of the petitioner. Again, Connecticut authorities refused to transfer custody of the petitioner to Massachusetts, pending resolution of the petition which is the subject of the instant proceeding.
The respondent argues that this court has no jurisdiction to entertain the subject petition, as, pursuant to the IAD, only a court of the receiving state ("the appropriate court of the jurisdiction where the indictment, information or complaint has been pending") can make a determination that the appropriate authority of the receiving state has refused or failed to accept temporary custody of, or bring to trial within the prescribed period, a prisoner, the subject of a detainer, IAD, Article V(c). This court agrees that only a court of a receiving state may act upon a charge pending in that state. But this does not end the matter. The petitioner claims that this court has the authority to quash a detainer based on Massachusetts' failure to take custody of the petitioner, citing Remick v. Lopes,203 Conn. 494. Remick, a prisoner held in Connecticut, sought by way of habeas to have the habeas court nullify three detainers lodged against him and to avoid being transferred by Connecticut authorities to the temporary custody of Massachusetts pursuant to the IAD. When the habeas court denied his claims for relief, Remick appealed to our Supreme Court. The Supreme Court, while affirming the habeas court's denial of the petition, held that the habeas court's finding that any remedial relief under the IAD must be sought in the receiving state was erroneous. In this connection, the Supreme Court opined: "A receiving state's failure to comply with the IAD's speedy trial provisions would violate the agreement's express purpose by denying speedy disposition of any pending charges. A fortiori, the refusal of the sending state to entertain an action to remove a detainer from a prisoner's file, based on such a violation, would violate CT Page 315 the express purpose of determining 'the proper status of any and all detainers'", Id., at 500.
The respondent "respectfully claims" that Remick v. Lopes, supra, "is either no longer controlling or incorrectly decided". The court is not persuaded. The court concludes it has jurisdiction to entertain the petition at issue.
The respondent cites Reed v. Farley, 512 U.S. 339,114 S.Ct. 2291 (1994) as having held that habeas corpus relief is not available to a litigant for violations of the 120-day period of Article IV(c) of the IAD. This court reads Reed as holding that a state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable in a federal habeas court, under 28 U.S. Code, Section 2234 when the defendant raised no objection to [his state court] trial date when it was set, and suffered no prejudice attributable to the delayed commencement, Reed v.Farley, supra, at 342. This holding does lend support to the respondent's claim that the petitioner must show actual prejudice to prevail. This court finds that the petitioner has failed to show actual prejudice as a consequence of his not having been brought to trial in the receiving state within 180 days of his request for final disposition.
Moreover, even assuming, arguendo, that the petitioner is not required to show actual prejudice, he has failed to establish, by a fair preponderance of the evidence, that the receiving state, Massachusetts, has "refused", or "failed to accept" temporary custody of the petitioner. The court finds, on the contrary, that Massachusetts made reasonable efforts to obtain temporary custody of the petitioner pursuant to the IAD, and neither "refused" nor "failed to accept" such temporary custody. Rather, the petitioner was unavailable for trial in Massachusetts because Connecticut, the sending state, refused to honor the receiving state's request, pending resolution, first, of criminal charges pending against the petitioner in Connecticut, and then, of the instant habeas petition. The court finds that Connecticut was entitled so to act. There is no requirement known to this court, that a sending state transfer temporary custody of a prisoner to a receiving state while criminal charges against said prisoner are pending in the sending state. Clearly, an effort by authorities of a sending state to effect a transfer of custody pursuant to a detainer when that detainer itself was the subject of a petition seeking to quash it, would be imprudent or improper, leaving sending state authorities open to claims it CT Page 316 sought to violate a prisoner's rights. There was no showing by the petitioner that the lapse of time between the petitioner's being charged on August 16, 1996, and his sentencing, on September 19, 1997, was due to any impropriety by the respondent. Absent dereliction on the part of either state, the court finds no basis for quashing the subject detainer.
The respondent's refusal to honor the receiving state's request made it impossible for Massachusetts, the receiving state, to bring the petitioner to trial within 180 days from the receipt of the petitioner's request for final disposition of the charge against him pending in Massachusetts. It will be for the appropriate court of the receiving state to determine if circumstances require the dismissal of any criminal charge pending in that state.
The respondent asks this court for an order "making it clear that the Commissioner may lawfully relinquish temporary custody to Massachusetts under the IAD". This the court declines to do. The detainer at issue remains in full force and effect, and the respondent's obligations under the IAD have not altered. The petitioner's request for final disposition constitutes a waiver of extradition, pursuant to Article III(e). Once the instant petition is disposed of, there would seem to be no basis for the respondent to refuse to act promptly on a request by Massachusetts for temporary custody of the petitioner pursuant to the IAD. The court perceives no need for an order clarifying what the respondent is required to do. Of course, the petitioner is free to apply to this court for certification to appeal its decision on the petition, and no order of this court could prevent such application.
 IV
The petitioner has failed to establish, by a fair preponderance of the evidence, his contention that the detainer at issue is of no further force and effect by reason of Massachusetts' failure to comply with the speedy trial requirements of the IAD.
Accordingly, the relief requested is denied and the petition is dismissed.
By the Court, CT Page 317
Downey, J.